UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS MCLEOD,

        Plaintiff,

v.

FCA US LLC, UAW INTERNATIONAL,
and LOCAL UNION 7

        Defendants.

[Wayne County Circuit Court]
Case No. 22-013023-CD
Hon. Charles S. Hegarty

Case No.

Hon.

| | |
|---|---|
| Scott Batey (P54711) | John R. Canzano (P30417) |
| Batey Law Firm, PLLC | Benjamin L. King (P81823) |
| 30200 Telegraph Road, Suite 400 | McKNIGHT, CANZANO, SMITH, |
| Bingham Farms, MI 48025 | RADTKE & BRAULT, P.C. |
| 248-540-6800 | 423 N. Main Street, Suite 200 |
| sbatey@bateylaw.com | Royal Oak, MI 48067 |
| Attorneys for Plaintiff | 248-354-9650 |
| | jcanzano@michworkerlaw.com |
| | bking@michworkerlaw.com |
| | Attorneys for Union Defendants |

## <u>NOTICE OF REMOVAL</u>

Defendants International Union United Automobile, Aerospace and

Agricultural Implement Workers of America, AFL-CIO ("UAW International")

and UAW Local 7 ("Local 7"), by their undersigned attorneys, file this Notice of

Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, to remove this action

from the Wayne County Michigan Circuit Court to the United States District Court

for the Eastern District of Michigan.

In support, Defendants state as follows:

1.     On November 1, 2022, Plaintiff Alexis Mcleod ("Mcleod") filed her Complaint in Wayne County Circuit Court, Case No. 22-013023-CD, against Defendants UAW International and Local 7 (collectively, "Union Defendants") and FCA US LLC ("FCA").

2.     Mcleod served the UAW International with a copy of the Summons and Complaint on November 14, 2022

3.     Mcleod served Local 7 with a copy of the Summons and Complaint on November 18, 2022. Attached as Exhibit A.

4.     Pursuant to 28 U.S.C § 1446(b)(2)(A), FCA consents to the removal of this action.

5.     UAW International and Local 6 are each a "labor organization" within the meaning of Section 152 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152 and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 *et seq.* ("LMRA").

6.     Mcleod alleges that she is a former FCA employee and member of the UAW International and Local 7. (Compl. ¶¶8-9).

7.     Mcleod alleges that her union steward, John Morgan, made sexual advances towards her and "made unwanted sexual comments continuously about Plaintiff's body, obscene comments and sexual gestures." (Compl. ¶¶9,11).

8.     Mcleod alleges when she confronted Morgan about his comments and rejected his advances that in retaliation for her rejection he "ceased to fairly

represent Plaintiff and let unwarranted adverse actions[by FCA] be taken against her." (Compl. ¶¶13, 16-17).

9. Mcleod alleges that she reported Morgan's actions to "Defendant, but Defendant refused to take remedial actions." (Compl. ¶18).

10. Mcleod alleges that she mailed a letter to UAW President Roy Gamble and complained of the sexual harassment. When Morgan later learned of the letter he allegedly "retaliated against her for her complaints of sexual harassment against him, by not fairly representing her." (Compl. ¶¶19-21).

11. Mcleod alleges that her employer terminated her on March 28, 2021, "as a result of her complaints of sexual harassment, and for not acquiescing to Morgan's demands for sexual favors. (Compl. ¶22).

12. In Count I, Mcleod purports to allege violations of the Michigan Elliot-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* ("ELCRA") based on the alleged sexual harassment she experienced. Mcleod alleges that she "was subjected to unwelcome sexual communications and conduct" and that such conduct "created an intimidating, hostile, or offensive work environment." Defendants or acts/omissions by them. (Compl. ¶¶23-36).

13. In Count II, Mcleod purports to allege violations of the Michigan Elliot-Larsen Civil Rights Act, MCLA 37.2201, *et seq.* based on retaliation for her complaints about Morgan. Mcleod alleges that "Defendant …including but not

limited to John Morgan, took adverse actions against her after she complained of sexual harassment to Defendant ." (Compl. ¶¶37-44).

14.    In the Complaint, Mcleod purports to characterize her claims against the Union Defendants as retaliation in violation of the ELCRA for her complaints of sexual harassment. However, the gravamen of the allegations against the Union Defendants is that they did not "fairly represent Plaintiff" vis-à-vis her employer, FCA. (Compl. ¶¶17,21).

15.    The substance of Mcleod's claims against the Union Defendants is that they did not properly represent her and defend her termination. Although Mcleod uses the label of retaliation under the ELCRA, the Complaint presents a claim for breach of the union's federal duty of fair representation, which is the duty to represent employees fairly and without hostile discrimination. Such a claim arises under and is governed by federal labor laws under NLRA Section 9(a), 9 U.S.C. §159(a) and LMRA Section 301, 29 U.S.C. §185 *et seq.* and thus federal courts have original jurisdiction over such claims pursuant to 28 U.S.C. §1331. "The duty of fair representation relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation. Whether union conduct constitutes a breach of the duty of fair representation is a question of federal law. *Maynard v. Revere Copper Prod., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985).

16.    Even when a plaintiff attempts to couch allegations of discriminatory treatment by the union in terms of state law, the federal duty of fair representation

preempts such state-law claims and requires that the federal courts construe the allegations as arising under federal labor law. *Tocarchick v. UAW Region 1*, 2015 WL 5026149, at *3 (E.D. Mich. Aug. 21, 2015)( "a court may construe state law claims that are, in substance, claims of a breach of the duty of fair representation as a claim arising under the [federal labor laws]." (citing *Marcus v. Dolan*, 2008 WL 3822353, at *2 (D.N.J. 2008)).

17.    Courts in the Sixth Circuit regularly find that duty of fair representation claims styled as state law harassment or discrimination claims are preempted by federal labor law. *Jones v. Truck Drivers Local Union No. 299*, 838 F.2d 856, 860-61 (6th Cir. 1989)(concluding that union member's claim that the union failed to fairly represent her on account of her sex in violation of Michigan's ELCRA was preempted); *Emswiler v. CSX Transp., Inc*., 691 F.3d 782, 792 (6th Cir. 2012)(Plaintiff's state law disability discrimination claim against his preempted by federal labor law governing the union's duty of fair representation); *E.E.O.C. v. Int'l Bhd. of Elec. Workers Loc. Union 998*, 343 F. Supp. 2d 655, 659 (N.D. Ohio 2004)(Union member's discrimination and harassment claim that her union retaliated against her for filing sexual harassment complaints was preempted by the NLRA); *Lunn v. Aramark Mgmt. Servs. Ltd. P'ship*, 2020 WL 871297, at *3 (E.D. Mich. 2020)(Plaintiff's race and disability discrimination claim under ELCRA preempted by NLRA).

18.     The terms and conditions of plaintiff's employment, including her

discipline by the employer, are governed by a collective bargaining agreement

(CBA) between FCA and the Union Defendants. Her claims that the Union

Defendants failed to fairly represent her necessarily implicate the collective

bargaining agreement and the grievance procedure under the CBA. As such, her

claims that also arise under LMRA Section 301, which completely preempts state

law claims which implicate the terms of collective bargaining agreements. The

Supreme Court has held that that questions relating to what the parties to a labor

agreement agreed, and what legal consequences were intended to flow from

breaches of the agreement, must be resolved by reference to uniform federal law

under Section 301, whether such questions arise in the context of a suit for breach

of contract or in a suit alleging liability in tort. *Allis-Chalmers Corp. v. Lueck*, 471

U.S. 202, 211 (1985). District courts must therefore treat state law claims that

depend on an analysis of a labor contract as a Section 301 claim, or as a claim that

is otherwise preempted by federal labor contract law. *Id.*, 220. Plaintiff's claims

arise under Section 301 because resolution of those claims requires interpretation

of the CBA, and/or because the rights which Plaintiff seeks to enforce are created

by the CBA. See, *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-217 (6th Cir.

1994). This federal preemption doctrine under LMRA Section 301 is related to, but

separate and distinct from preemption based on claims that a union breached its

duty of fair representation, as explained in paragraphs 15 – 17 above.

19.     This action is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) on the basis that Counts I and II present federal questions arising under federal law. As such, this Court has original, federal question subject matter jurisdiction over the claims asserted.

20.     In the alternative, to the extent any viable state law claims remain which are not preempted, those claims are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

21.     Defendants are also filing a Notice of Filing Notice of Removal with the Wayne County Circuit Court pursuant to 28 U.S.C. § 1446(d).

22.     This Notice of Removal is filed within thirty days after receipt of the Complaint and timely pursuant to 28 U.S.C. §1446(b).

WHEREFORE, the Union Defendants, with the consent and approval of FCA, jointly remove this action to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

By: _/s/ Benjamin L. King_____
JOHN R. CANZANO (P30417)
BENJAMIN L. KING (P81823)
McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
Attorneys for Union Defendants
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
jcanzano@michworkerlaw.com
Dated: December 5, 2022        bking@michworkerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2022, I served the Notice of Removal

and this Certificate of Service upon:

Scott Batey
Batey Law Firm, PLLC
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
248-540-6800
sbatey@bateylaw.com
Attorneys for Plaintiff

By U.S. First Class Mail, postage prepaid and by email.

Respectfully Submitted,

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

By: */s/ Benjamin L. King*
JOHN R. CANZANO (P30417)
BENJAMIN L. KING (P81823)
Attorneys for Union Defendants
423 N. Main Street, Suite 200
Royal Oak, MI 48067
248-354-9650
jcanzano@michworkerlaw.com
bking@michworkerlaw.com

# Exhibit A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**22-013023-CD**<br>**Hon.Charles S. Hegarty** |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-5487

| Plaintiff's name(s), address(es), and telephone no(s)<br>Mcleod, Alexis | v | Defendant's name(s), address(es), and telephone no(s).<br>UAW International |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Scott P. Batey 54711<br>30200 Telegraph Rd Ste 400<br>Bingham Farms, MI 48025-4506 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/1/2022 | Expiration date*<br>1/31/2023 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)          **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No. : **22-013023-CD** |

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**          OR          ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:    (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s).

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

22-013023-CD FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   11/1/2022 12:48 PM   Laverne Chapman

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ALEXIS MCLEOD,

     Plaintiff,

                                                Case No: 22-      -CD

v.

                                                Hon.

FCA US LLC, UAW INTERNATIONAL,
and LOCAL UNION 7

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

     There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## PLAINTIFF'S COMPLAINT

     NOW COMES, Plaintiff, Alexis Mcleod (hereinafter "Plaintiff") by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.      Plaintiff, Alexis Mcleod, is a resident of the City of Roseville, County of Macomb and State of Michigan.

2.      Defendant, Fiat Chrysler Automobiles (hereinafter "FCA") is a corporation which has a registered address of 1000 Chrysler Dr., Auburn Hills, Michigan 48326, and which does business in the County of Wayne and the State of Michigan.

3.      Defendant, UAW International (hereinafter "UAW") whose address is 8000 East Jefferson, Detroit, MI 48214 and who is duly authorized to conduct business throughout the State of Michigan including Wayne County, Michigan.

4.      Defendant, Local Union 7 ("Local 7") is a Domestic Nonprofit Corporation who's Resident Agent is Terri Sykes and registered address us 1924 Rosa Parks Blvd., Detroit, MI 48216, and which does business in the County of Wayne and State of Michigan.

3.      The events producing the original injury occurred in Wayne County, Michigan.

4.      Venue and jurisdiction are proper in this court pursuant to MCL § 600.1621, and MCL § 600.605.

5.      The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

6.      Plaintiff brings this action for sexual harassment stemming from the

2

acts and/or omissions of Defendant in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2202, *et seq.*, ("ELCRA") which has resulted in mental, emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     In or around 2014, Plaintiff began her employment with Defendant, FCA as a job imager.

9.     When Plaintiff began her employment, she belonged to UAW International and Local 7. Her union steward was named John Morgan (hereinafter "Morgan").

10.     In or around 2018, Morgan while acting as an employee of Defendant's FCA, UAW and Local 7 first told Plaintiff he was interested in her and told her that he was attracted to her in a "sexual way."

11.     Throughout Plaintiff's employment, Morgan made unwanted sexual comments continuously about Plaintiff's body, obscene comments and sexual gestures.

12.     Morgan indicated to Plaintiff that her keeping her job was dependent on her having sexual relations with him.

13.     Plaintiff informed Morgan that she was not interested in any sort of

3

relationship with him.

14.     Morgan moved Plaintiff to a different shift, so that she would be closer to him.

15.     On or around November 14, 2020, Morgan approached, Plaintiff, grabbed the back of her head and pulled Plaintiff in, saying "I'm like your husband, always rescuing you."

16.     Plaintiff told Morgan that she felt like he was using his position to mess with her and her job.

17.     In retaliation, Morgan ceased to fairly represent Plaintiff and let unwarranted adverse actions be taken against her.

18.     Plaintiff repeatedly reported the sexual harassment to Defendant, but Defendant refused to take remedial actions.

19.     Plaintiff sent out a notarized letter to UAW President Roy Gamble (hereinafter "Gamble") complaining of the sexual harassment.

20.     Morgan was informed of Plaintiff's letter to Gamble.

21.     Morgan retaliated against her for her complaints of sexual harassment against him, by not fairly representing her.

22.     Plaintiff was terminated March 28, 2021, as a result of her complaints of sexual harassment, and for not acquiescing to Morgan's demands for sexual favors.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, *ET SEQ*

23.     Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.     During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

25.     Plaintiff belongs to a protected class as a female.

26.     Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment by her employer and/or supervisors based upon her gender and/or sex.

27.     Defendant through its agents, representatives and employees, was predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

28.     Plaintiff was subjected to unwelcome sexual communications and conduct.

29.     The unwelcome sexual communications and conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment.

5

30.     Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

31.     At all material times, Defendant was Plaintiff's employer, and Plaintiff was the employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.*

32.     Plaintiff was subjected to repeat and continuous discrimination/harassment based upon her gender and/or sex by Defendant and/or through their agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered.

33.     Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

34.     As a direct and proximate result of the unlawful actions of the Defendant and its employees, agents and/or representatives, Plaintiff was the subject of discrimination/harassment on the part of Defendant and subjected to a hostile work environment and adverse employment actions, including being terminated.

35.     As a proximate result of the discriminatory conduct by Defendant's failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited

to:

    a.  Lost wages;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Outrage;

    e.  Anxiety;

    f.  Depression;

    g.  Emotional distress;

    h.  Loss of self-esteem;

    i.  Loss of earnings and other employment benefits; and

    j.  Loss of capacity for the enjoyment of life.

36.    Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment and is liable for adverse employment actions taken against Plaintiff in retaliation for refusing to capitulate to sexual harassment and sexual advances.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

37.     Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38.     Plaintiff's statements to Defendant complaining of sexual harassment to Defendant constitute an activity protected under the Elliott-Larsen Civil Rights Act.

39.     Defendant by and through its officers, executives, supervisory personnel, agents, and/or employees, including but not limited to John Morgan, took adverse employment actions against Plaintiff after she complained of sexual harassment to Defendant.

40.     Defendant by and through its officers, executives, supervisory personnel, agents, and/or employees took materially adverse employment action against Plaintiff after she complained of sexual harassment.

41.     The actions of Defendant by and through its officers, executives, supervisory personnel, agents, and/or employees were intentional, and in deliberate disregard for the rights and sensibilities of Plaintiff.

42.     As a direct and proximate result of Defendant's actions, by and through its officers, executives, supervisory personnel, agents, and/or employees, and Defendant's actions, the terms, conditions, and privileges of Plaintiff's

8

employment were adversely affected.

43.     Defendant's actions against Plaintiff continued up until March 28, 2021, when Plaintiff was terminated because of her complaints of sexual harassment.

44.     As a further direct and proximate result of Defendant's actions by and through its officers, executives, supervisory personnel, agents, and/or employees, Plaintiff has suffered and will continue to suffer injuries and damages including but not limited to, loss of earnings and earning capacity; loss of fringe and pension benefits; consequential and other economic damages; mental anguish, physical and emotional distress; humiliation, outrage, and embarrassment; degradation, fright, and shock; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of choice, as well as other damages set forth in this Complaint.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P.  Batey
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: November 1, 2022

10

22-013023-CD FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   11/1/2022 12:48 PM   Laverne Chapman

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ALEXIS MCLEOD,

    Plaintiff,

                                    Case No: 22-      -CD

v.

                                      Hon.

FCA US LLC, UAW INTERNATIONAL,
and LOCAL UNION 7

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Alexis Mcleod, by and through her attorney's, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    RYAN FOWLER (P84210)
    Attorneys for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: November 1, 2022